# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CANDICE CAMILLE ROYAL,

                Plaintiff,

      vs.

GEORGIA CVS PHARMACY L.L.C.
and CAREMARK L.L.C.,

                Defendants.

Case No. 1:26-cv-01357-ELR

## DEFENDANTS' MOTION TO STAY
## AND BRIEF IN SUPPORT

Defendants Georgia CVS Pharmacy, L.L.C. ("Georgia CVS") and Caremark, L.L.C. ("Caremark" and, collectively, "Defendants"), by and through their attorneys, respectfully submit this Motion to Stay the proceedings, including all disclosures and planning conferences set forth in Fed. R. Civ. P. 16 and 26, pending the outcome of the forthcoming Motion to Dismiss. In support thereof, Defendants state as follows:

## INTRODUCTION

Plaintiff brings this action alleging primarily a claim for the alleged receipt of unsolicited text messages in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and a tag-along claim for litigation costs. On March 23, 2026, Plaintiff filed her materially similar First Amended Complaint

332708551v.1

("FAC"), restating her TCPA claim and claim for litigation costs, and adding a claim for "Fraud on the Court & Unauthorized Practice," stemming from what Plaintiff believes to have been a fraudulent removal and unauthorized practice of law. (Dkt. 13.)

On March 17, 2026, Defendants filed their Motion to Dismiss challenging multiple threshold problems with Plaintiff's Complaint. (Dkt. 6.) In light of Plaintiff's FAC, Defendants intend to refile their Motion to Dismiss, and address Plaintiff's new claim. Specifically, Defendants will move to dismiss on the bases that (i) Plaintiff's TCPA claim does not apply to text messages, (ii) Plaintiff does not allege any facts to otherwise plausibly suggest a violation of the TCPA, (iii) Plaintiff's tag-along state claim for costs must fail with her substantive claim and (iv) Plaintiff cannot allege a claim for "fraud on the court" or "unauthorized practice." The forthcoming Motion to Dismiss, if granted, would dispose of the entire action.

The dispositive nature of the forthcoming Motion to Dismiss, as well as the threshold arguments that will be raised therein, warrant a stay of proceedings, including all disclosures and planning conferences set forth in Fed. R. Civ. P. 16 and 26, pending the outcome of the Motion. A stay is further warranted in light of the myriad accusations Plaintiff has made as to Defendants and their counsel and Plaintiff's recent filings. (*See* Dkt. 12, 13.) Proceeding into initial disclosures and a planning conference is premature at this time as a result.

2

## BACKGROUND

This matter began as a demand letter sent on or about February 9, 2026, alleging the receipt of text messages in violation of the TCPA and Georgia state law. On February 27, 2026, Plaintiff initiated this civil action against Defendants by filing a Complaint in the State Court of Gwinnett County, captioned *Royal v. Georgia CVS Pharmacy L.L.C.*, et al., No. 26-C-02457-S5. (Dkt. 1-1.) Plaintiff asserted a single claim under the TCPA and a state law claim for litigation expenses.

On March 11, 2026, Defendants removed this action to this Court on the bases of federal question and diversity jurisdiction. (Dkt. 1.) On March 17, 2026, Defendants moved to dismiss Plaintiff's Complaint in its entirety, with prejudice, raising a number of fundamental defects with Plaintiff's Complaint. (Dkt. 6.) On March 18, 2026, Defendants sought a status conference primarily in light of what Defendants viewed as improper communications from Plaintiff and Plaintiff's complaints relating to Defendants' counsel. (Dkt. 7.) On March 20, 2026, this Court denied Defendants' request for a status hearing pending further consideration of the request following briefing on the pending Motion to Dismiss.

On March 23, 2026, Plaintiff filed a document titled "Plaintiff's Opposition to Defendant's Emergency Motion for Conference and Motion to Strike." (Dkt. 12.) In the main, Plaintiff makes a variety of unsupported accusations with respect to Defendants' counsel and asks that this Court remand this case, strike Defendants'

3

332708551v.1

motions and disqualify Defendants' counsel. (*Id.*) Plaintiff simultaneously filed her FAC. (Dkt. 13.) Plaintiff reasserts her TCPA claim. Plaintiff reasserts her claim for litigation costs, but makes a variety of contentions that removal is fraud on the Court. Plaintiff also adds a claim titled "fraud on the court & unauthorized practice." (*Id.*)

Defendants will be refiling their motion to dismiss as soon as practicable, identifying the threshold problems with Plaintiff's claims.

## DISCUSSION

### I.    LEGAL STANDARD

It is axiomatic that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Matters concerning discovery are committed to the sound discretion of the district court to determine the course of discovery in promoting the interests of justice and efficiency. *Redford v. Gwinnett County Judicial Circuit*, 350 Fed. Appx. 341, 346 (11th Cir. 2009) (citing *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990)); *see also* Fed. R. Civ. P. 26(d).

### II.   A STAY PENDING THE OUTCOME OF THE FORTHCOMING MOTION TO DISMISS IS PRUDENT HERE.

Defendants have moved to dismiss this case in its entirety. (Dkt. 6.) While that motion was pending, Plaintiff filed her FAC, asserting materially similar claims and adding a claim for "fraud on the court & unauthorized practice of law." (Dkt.

4

13.) Defendants thus intend to promptly amend and refile their Motion to Dismiss seeking the dismissal of this action in its entirety, with prejudice.[1]

The Eleventh Circuit teaches that discovery should follow a well-pleaded complaint. In *Chudasama v. Mazda Motor Corp.*, the Eleventh Circuit noted that:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

123 F.3d 1353, 1368 (11th Cir. 1997). The Eleventh Circuit thus further stated that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins."); *see also Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 749 (11th Cir. 2013) (same); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint.").

Courts in this Circuit, including this Court, often stay initial case deadlines pending dispositive motions. *See Wilson v. Tradercodes, LLC*, No. 25-cv-03211, Dkt. 20 (N.D. Ga. Sept. 22, 2025) (Ross, J.) (staying discovery and pretrial deadlines

---

[1] While Defendants intend to refile their Motion to Dismiss as soon as practicable, Defendants are filing this Motion to Stay in light of the fact that the forthcoming 26(f) deadline will, under this Court's local rules, is in approximately one week from the date of this filing, and falls before Defendants' deadline to move to dismiss.

332708551v.1

in a TCPA case pending a motion for judgment on the pleadings); *see also Blochowicz v. United States*, No. CV 124-053, 2024 WL 3297846, at *1 (S.D. Ga. June 20, 2024) (staying discovery pending a motion to strike); *O'Neill v. NYU Langone Med. Ctr.*, No. 1:22-CV-0011-SEG, 2022 WL 18779524, at *2 (N.D. Ga. July 20, 2022) (staying initial deadlines pending motion to dismiss); *Sherwood v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01495-ELR, 2022 WL 18460459, at *2 (N.D. Ga. Nov. 28, 2022) (same).

Here, the Court should stay all discovery, including the disclosures and planning conferences set forth in Fed. R. Civ. P. 16 and 26, pending the outcome of the forthcoming Motion to Dismiss. A brief stay of these initial deadlines would further the interests of efficiency, judicial economy and justice to avoid unnecessary costs to all litigants and this Court as threshold, fundamental pleading issues are evaluated. A stay is particularly prudent here for two additional reasons.

First, and as will be detailed further in Defendants' forthcoming Motion to Dismiss, this Court recently determined that the term "telephone call" as used in Subsection 227(c)(5) of the TCPA *does not* include text messages. *See Wilson v. Tradercodes, LLC*, No. 25-cv-3211, Dkt. 33 at 8 (N.D. Ga. March 17, 2026) (Ross, J.) ("[T]ext messages do not create a private cause of action under § 227(c)(5) . . . .). Defendants contend that if the term "telephone call" under Subsection 227(c)(5) does not encompass text messages, neither would the similar term "call" as used

6

in Subsection 227(b), the provision under which Plaintiff appears to be proceeding. Plaintiff's primary claim may thus falter at the outset.

Second, Plaintiff is proceeding *pro se* and has been proceeding on the basis of meritless theories that Defendants and their counsel have defrauded the Court through removing this case and engaged in the unauthorized practice of law due to communications had with Plaintiff prior to her lawsuit. Plaintiff also recently filed briefing with this Court seeking to strike various documents and alleging fraud on the court. (*See* Dkt. 12, 13.) Defendants intend to respond promptly. However, Plaintiff's filings further weigh in favor of a stay pending the outcome of the forthcoming Motion to Dismiss to avoid the unnecessary imposition of costs and ensure proper order in this case while threshold legal challenges are evaluated.

This Court should stay discovery to promote judicial efficiency and protect the costs and resources expended by the parties to this action.

## CONCLUSION

For the reasons set forth herein, Defendants request the Court GRANT this motion and STAY the proceedings, including all disclosures and planning conferences, until Defendants' forthcoming Motion to Dismiss is adjudicated.

Dated this 27th day of March, 2026.

[SIGNATURE ON FOLLOWING PAGE]

7

332708551v.1

Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

3348 Peachtree Road, NE
Suite 1400
Atlanta, GA  30326
470-419-6650 (telephone)
470-419-6651 (facsimile)
parks.stone@wilsonelser.com

*/s/ Parks K. Stone*
Parks K. Stone
GA Bar No.  547930
*Counsel for Defendants Georgia CVS
Pharmacy, L.L.C. ("Georgia CVS")
and Caremark, L.L.C.*

**BENESCH FRIEDLANDER
COPLAN & ARONOFF LLP**

Mark S. Eisen
*Admitted pro hac vice*

71 South Wacker Drive
Suite 1600
Chicago, IL 60606-4637
(312) 212-4956 (telephone)
MEisen@beneschlaw.com

8

332708551v.1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date I filed and served the foregoing

**DEFENDANTS' MOTION TO STAY AND BRIEF IN SUPPORT** via electronic

mail, U.S. mail and via the Court's electronic filing system as follows:

Candice Camille Royal, *Plaintiff pro se*
2500 Pleasant Hill Road, Apt. 118
Duluth, GA 30096
Candice18royalis@gmail.com

Dated this 27th day of March, 2026.

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

3348 Peachtree Road, NE                   */s/ Parks K. Stone*
Suite 1400                                Parks K. Stone
Atlanta, GA  30326                        GA Bar No.  547930
470-419-6650 (telephone)
470-419-6651 (facsimile)
parks.stone@wilsonelser.com

9

332708551v.1