**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CANDICE CAMILLLE ROYAL,    *
    *
   Plaintiff,    *
    *
   v.    *    1:26-CV-01357-ELR
    *
GEORGIA CVS PHARMACY, L.L.C  *
and CAREMARK, L.L.C    *
    *
   Defendants.    *
    *

_____

**ORDER**

_____

Presently before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint by Defendants Georgia CVS Pharmacy, L.L.C. ("CVS") and Caremark, L.L.C., [Doc. 16], and *pro se* Plaintiff Candice Camille Royal's Motion to Strike Defendants' Motions to Dismiss and to Stay, [Doc. 19],[1] "Request to the Clerk for Entry of Default," [Doc. 20], and Motion for Reconsideration, [Doc. 21].

---

[1] Royal includes the motion to strike in her response in opposition to Defendants' Motion to Dismiss.

I.      **Background**[2]

In January 2026, Royal acquired a new cell phone number. Am. Compl. ¶ 5 [Doc. 13]. Royal received 23 unauthorized text messages from Defendants, even though she did not provide express written consent to receive text messages from them. Id. ¶¶ 6–7. Royal sent a letter to Defendants which "provided Defendants with formal notice of the unauthorized transmissions [of text messages] and an opportunity to resolve the matter." Id. ¶ 8. Royal and Defendants' counsel thereafter communicated regarding the text messages. Id. ¶¶ 9–12.

Royal filed her initial Complaint in state court bringing two counts: violation of the Telephone Consumer Protection Act (TPCA), 47 U.S.C. § 227, and "bad faith and stubborn litigiousness." [Doc. 1-1]. Following removal, Defendants moved to dismiss, [Doc. 6], and Royal timely amended her Complaint as a matter of course, see Fed. R. Civ. P. 15(a)(1), adding a claim of "fraud on the court and unauthorized practice of law."[3] [Doc. 11]. Following Royal's amendment of the Complaint, Defendants filed the instant Motion, [Doc. 16], and moved for a stay pending the outcome of the Motion, which the Court granted, [Docs. 14, 18]. Royal then filed a Request to the Clerk for Entry of Default, [Doc. 20], and Motion for Reconsideration

---

[2] For purposes of the Motion to Dismiss, the Court accepts the allegations in the Complaint as true and construes all reasonable inferences in Royal's favor. Urquilla-Diaz v. Kaplan Univ., 780 F.3d 1039, 1050 (11th Cir. 2015).

[3] Royal's timely amendment mooted Defendants' then-pending motion to dismiss. [Doc. 18].

of the Court's Order staying the case, [Doc. 21], and she requested that the Court strike Defendants' stay motion, which the Court had already granted, and their Motion to Dismiss as "legal nullities" because, according to Royal, Defendants' counsel "fraudulently obtained status" to file the documents, [Doc. 19 at 2]. Royal opposes dismissal, [Doc. 19], and Defendants' Motion, as well as Royal's request for default and motions to strike and for reconsideration, are ripe for the Court's review. The Court first takes up Defendants' Motion.[4]

## II.    Legal Standard

A court may dismiss a case for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a 12(b)(6) motion, the court must accept as true the allegations in the complaint, drawing all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); United States v. Stricker, 524 F. App'x 500, 505 (11th Cir. 2013). Even so, a complaint offering mere "labels

---

[4] The Court declines to "strike" the motions as Royal requests, because she offers no argument in support for striking them. Nat'l Mining Ass'n v. United Steel Workers, 985 F.3d 1309, 1327 n.16 (11th Cir. 2021) (explaining that where a party does not "support [her] arguments with sufficient detail[,]" the court "consider[s] these arguments abandoned and do[es] not consider them"). Moreover, the Court denies Royal's request for default because Defendants filed the Motion in lieu of an answer, and doing so stayed their deadline to file an answer. See Fed. R. Civ. P. 12(a)(4) (stating that when a defendant "serv[es] a motion under this rule[,] . . . the responsive pleading must be served within 14 days after notice of the court's action"); Castillo v. School Bd. of Broward Cnty., 645 F. App'x 966, 966 (11th Cir. 2016) (finding that default judgment "was not warranted" where the defendants timely filed a motion to dismiss, which stayed the deadline for them to file a responsive pleading).

and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555); Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007).

"[A] pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief" to satisfy "the pleading requirements of Rule 8." Parker v. Brush Wellman, Inc., 377 F. Supp. 2d 1290, 1294 (N.D. Ga. 2005) (citing Fed. R. Civ. P. 8(a)(2)). Additionally, to survive a Rule 12(b)(6) motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Put differently, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. This so-called "plausibility standard is not akin to a 'probability requirement;'" rather, the plaintiff must allege sufficient facts such that it is reasonable to expect that discovery will lead to evidence supporting the claim. Id.; Twombly, 550 U.S. at 556.

## III.   Discussion

Defendants provide four reasons for the dismissal of the Amended Complaint: (1) transmissions of text messages do not violate the TCPA; (2) the subsection of the TCPA under which Royal brings her claim requires the use of an automatic

telephone dialing system, and the Amended Complaint is devoid of allegations that Defendants used such dialing systems; (3) Royal's claim for "fraud on the court & unauthorized practice of law" does not state a cognizable claim; and (4) Royal's claim for litigation expenses cannot survive in the absence of an underlying, substantive claim. [See generally Doc. 16]. The Court takes each argument in turn.

### A.    Violation of the TCPA

Defendants contend that two recent Supreme Court cases, Loper Bright Enter. v. Raimondo, 603 U.S. 369 (2024) and McLaughlin Chiropractic Ass'n, Inc. v. McKesson Corp., 606 U.S. 146 (2025), instruct the Court to independently interpret a statute upon a party's challenge, instead of deferring to the applicable agency's interpretation of the statute. [Doc. 16 at 7–8]. Defendants further argue that such an independent interpretation of the statutory provision at issue here, subsection 227(b) of the TCPA, leads to the conclusion that this provision does not encompass the transmission of text messages. [Id. at 10–13].[5] Royal contends that Defendants' argument "ignore[s] Supreme Court precedent in Campbell-Ewald Co. v. Gomez,

---

[5] The Amended Complaint does not specify the specific subsection of the TCPA that Defendants allegedly violated. Defendants state that the Amended Complaint appears to bring a claim under subsection 227(b) of the TCPA. [Doc. 16 at 5]. Royal does not dispute Defendants' characterization of her claim, so the Court construes her claim as one brought under subsection 227(b).

577 U.S. 153 (2016), which confirms that text messages are 'calls' under the TCPA." [Doc. 19 at 5].

This Court recently took up a similar argument in Wilson v. Tradercodes, No. 25-CV-03211 (N.D. Ga. Mar. 17, 2026), Dkt. No. 33. There, the Court concluded that subsection 227(c) could not include the transmission of text messages because the plain language of the subsection is clear: it provides that a private right of action arises only when a person has received more than one telephone *call* in a twelve-month period. Id. at 5. Although Wilson concerned subsection 227(c), for the reasons discussed below, the Court finds that subsection 227(b) is limited in the same way; it also does not include transmission of text messages.

Subsection 227(b)(1)(A) prohibits a person from "mak[ing] any call (other than a call made . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice[.]" 47 U.S.C § 227(b)(1)(A). Because the word "call" is not defined within the statute, the Court begins with the "plain language of the provision to be interpreted." Pugliese v. Pukka Dev. Inc., 550 F.3d 1299, 1303 (11th Cir. 2008). The plain meaning of the word "call" means the audio communication between two or more cellphone users; "call" is not ordinarily understood to mean the transmission of

6

written text between cellphone users. As the court in <u>Davis v. CVS Pharmacy, Inc.,</u>

explained:

> No normal person refers to a text message, or thinks of a text message, as a "call." No ordinary user of the English language would write the sentence "John called Sue" intending to mean "John sent a text message to Sue," nor would any ordinary reader interpret the sentence in that manner.

797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025).[6] Under the plain meaning of 47 U.S.C. § 227(b)(1)(A), text messages are not a method of communication that violate the statute's provision.

Royal's reliance on <u>Campbell-Ewald</u> does not save her TCPA claim. The Supreme Court in <u>Campbell-Ewald</u> did not affirmatively hold that text messages were included within the meaning of a "call"; instead, the parties in that case did not dispute that a text message qualified as a call. <u>See</u> 577 U.S. at 156 ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)."). This is unhelpful to Royal because Defendants *do* dispute whether the transmission of text messages violated subsection 227(b)(1)(A). Moreover, the Supreme Court decided <u>Campbell-Ewald</u> before <u>Loper Bright</u> and

---

[6] Although <u>Davis</u> concerned subsection 227(c)(5) of the TCPA, that court's analysis of the word "call" is applicable to 227(b)(1)(A), which uses the same word.

McLaughlin, which instruct the Court to independently interpret the TCPA subsection at issue.

In her opposition brief, Royal asserts that Defendants twice violated the TCPA during the pendency of the Motion. [Doc. 19 at 6–7]. Royal alleges the "additional violations occurred in the form of unsolicited voice calls placed to [her] cellular telephone." [Id. at 7]. To the extent that Royal attempts to assert a TCPA claim to include these alleged phone calls, she may not amend the Amended Complaint through her response brief. See Henderson v. McMurray, 611 F. Supp. 3d 1287, 1295 (N.D. Ala. 2020) (citing Miccosukee Tribe of Indians of Fla. v. United States, 716 F.3d 535, 559 (11th Cir. 2013)) ("[A] plaintiff cannot amend a complaint through arguments in briefs."). Indeed, a court "limit[s its] review to the four corners of the complaint" at the motion to dismiss stage, and because the Amended Complaint does not contain any allegations regarding phone calls, Royal's TCPA claim is properly dismissed. Moreover, any claim for a TCPA violation that Royal may have based on phone calls does not rescue her present TCPA claim, which is based on text messages.

Although the Court is cognizant that pleadings drafted by *pro se* litigants are held to a less stringent standard than that of attorneys, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), it is only "when a more carefully drafted complaint might state a claim, [that] a *pro se* litigant must be given at least one

chance to amend the complaint before the district court dismisses the action with prejudice," Alberto v. Sec'y, Fla. Dep't of Corr., 770 F. App'x 467, 469 (11th Cir. 2019) (cleaned up). Here, because Royal's TCPA claim based on text messages fails as a matter of law and cannot be rescued by a more carefully drafted complaint, dismissal with prejudice of the TCPA claim, as currently alleged, is warranted.[7]

**B.     Lack of Allegations regarding Automatic Telephone Dialing Systems**

Because the Court has already found that Royal's allegations concerning text messages do not state a claim of a TCPA violation, the Court does not consider whether Royal's TCPA claim additionally fails due to the lack of allegations concerning an automatic telephone dialing system.

**C.     "Fraud on the Court & Unauthorized Practice of Law" Claim**

Royal alleges fraud on the Court by Defendants and accuses Defendants' counsel of engaging in the unauthorized practice of law. Royal's claim of fraud on the Court appears to stem from Defendants' removal of this action, and her claim

---

[7] Defendants also moved to dismiss Royal's claim under Georgia's telemarketing statute, O.C.G.A. § 46-5-27, although it is unclear that the Amended Complaint asserted such a claim and only "ma[de] a passing reference" to the statute. [Doc. 16 at 21]. The Amended Complaint only requests maximum statutory damages under the state statute and does not allege any facts indicating that Defendants violated the statute. To the extent that the Amended Complaint also purported to set out a claim under O.C.G.A. § 46-5-27, that claim is dismissed without prejudice because the Court cannot decide the merits of the claim without Royal's allegation of facts supporting the claim. See Beach Blitz Co. v. City of Miami Beach, Fla., 13 F.4th 1289, 1300 (11th Cir. 2021) (noting that a dismissal without prejudice is warranted where a claim has not been decided on its merits).

that counsel engaged in the unauthorized practice of law concerns counsel's pre-suit communications with her. Defendants contend that the facts surrounding removal do not amount to fraud on the Court. [Doc. 16 at 23–24]. Defendants also argue that an attorney's alleged unauthorized practice of law does not create a private cause of action. [Id. at 24]. In response, Royal largely reasserts the facts in the Amended Complaint and provides new facts that she contends support her fraud on the Court claim. [Doc. 19 at 3–5]. Royal also appears to argue that her unauthorized practice of law claim is actually a fraud claim. [Id. at 6 (regarding her unauthorized practice of law claim, "[Royal] is suing for Common Law Fraud based on the intentional misrepresentation of legal authority to induce reliance")].

Fraud on the court claims "involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision[,] preventing the opposing part from fully and fairly presenting his case." Russell v. Redstone Fed. Credit Union, 710 F. App'x 830, 832 (11th Cir. 2017). As such, "[o]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Id.

First, even taken as true, the allegations in the Amended Complaint fail to state a claim of fraud on the Court. At best, it appears that Royal bases her claim on Defendants' removal of this action. Am. Compl. ¶ 24 ("This removal is a Fraud on

10

the Court because it uses the federal system as a 'safe haven' for conduct that the Georgia General Assembly is currently classifying as a felony."). But Defendants' removal of the case is not "egregious misconduct" that constitutes fraud on the Court; Defendants properly removed this case on the grounds that this Court had jurisdiction (both under federal question and diversity of citizenship) over Royal's claims. [See Doc. 1]. Royal's allegation that Defendants removed this action to avoid litigating it in state court also does not amount to fraud on the Court. Not only are parties able to litigate state law claims in federal court, see 28 U.S.C. § 1367, a defendant (regardless of motive) is permitted to remove an action over which the federal court has subject matter jurisdiction, 28 U.S.C. § 1441(a).

Second, Royal's unauthorized practice of law claim fails because "Georgia law does not recognize a private cause of action for the alleged unauthorized practice of law." Oswell v. Nixon, 620 S.E.2d 419, 422 (Ga. Ct. App. 2005). And though Royal attempts to cast her unauthorized practice of law claim as one of common law

fraud, as discussed above, Royal may not amend her claim in a response brief. Henderson, 611 F. Supp. 3d at 1295.[8]

### D.    Litigation Expenses

Defendants lastly argue that Royal's claim for attorney's fees and litigation expenses under O.C.G.A. § 13-6-11 fails because it "is not a standalone cause of action and thus must be dismissed along with [Royal's] substantive claim." [Doc. 16 at 25]. Royal responds that she is "entitled to litigation expenses due to Defendants' 'stubborn litigiousness' and 'bad faith'—specifically their use of unlicensed counsel to facilitate a fraudulent removal to this Court." [Doc. 19 at 6].

Section 13-6-11 permits a plaintiff to recover litigation expenses "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense[.]" A claim for litigation expenses, however, must be "brought in connection with a separate substantive claim for relief[.]" Tri-State Consumer Ins. Co. v. LexisNexis Risk Sols., Inc., 858 F. Supp. 2d 1359, 1371 (N.D. Ga. 2012); see also ERTC Express, LLC v. HTS Constr., Inc., No. 24-CV-168, 2026 WL 596506, at *6 (M.D. Ga. Mar. 3, 2026) (finding that a defendant's sole counterclaim for attorneys' fees "fail[ed] because any fees pursuant

---

[8] Like with Royal's TCPA claim, because a more carefully drafted complaint cannot save her fraud on the Court and unauthorized practice of law claims, the Court declines to grant Royal leave to amend her Amended Complaint to replead these claims.

to O.C.G.A. § 13-6-11 cannot stand alone without an underlying claim"). Because the Court dismisses Royal's substantive claims, her claim for litigation expenses cannot stand alone and must be dismissed.

## IV.   Conclusion

For the above-stated reasons, the Court **DENIES** Plaintiff's Motion to Strike Defendants' Motion to Stay and Motion to Dismiss, [Doc. 19], and Request for Entry of Default, [Doc. 20], and **GRANTS** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, [Doc. 16]. Accordingly, the Court **DISMISSES WITH PREJUDICE** Royal's claims[9] and **DENIES AS MOOT** Plaintiff's Motion for Reconsideration of the Order staying the case, [Doc. 21]. As no further issues remain pending, the Court **DIRECTS** the Clerk to terminate this action.

**SO ORDERED**, this 8th day of May, 2026.

Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[9] However, to the extent that Royal asserts a claim under O.C.G.A. § 46-5-27, the Court dismisses that claim without prejudice.